**United States District Court**

For the Northern District of California

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9  JAMES D. HARRISON,                          No. C 06-2220 SI (pr)

10            Petitioner,                       **ORDER OF DISMISSAL**

11       v.

12  K. W. PRUNTY, warden,

13            Respondent.
                                    /
14

15

16                          **INTRODUCTION**

17       James D. Harrison, a prisoner currently in custody at the Corcoran State Prison, filed a

18  pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1997

19  conviction.  This matter is now before the court for consideration of respondent's motion to

20  dismiss.  The court finds that the petition was not filed by the deadline in 28 U.S.C. § 2244(d)

21  and therefore dismisses the action.

22

23                          **BACKGROUND**

24       Harrison was convicted in Alameda County Superior Court of rape and forced oral

25  copulation, and was found to have used a weapon in the commission of the offenses.  On July

26  30, 1997, he was sentenced to 27 years to life in prison.  He appealed.  The California Court of

27  Appeal affirmed his conviction on November 10, 1998, and the California Supreme Court denied

28  his petition for review on January 27, 1999.

1    Harrison filed a petition for writ of habeas corpus in the California Supreme Court on

2 December 22, 1999.  That petition was denied on June 2, 2000.

3    Harrison filed his first federal petition on January 20, 2000.  See Harrison v. Prunty, No.

4 C 00-213 SI.  That action was dismissed as unexhausted on April 5, 2000, because the petition

5 for writ of habeas corpus mentioned in the preceding paragraph was then pending in the

6 California Supreme Court.

7    The petition in this action has a proof of service dated March 19, 2006, came to the court

8 in an envelope post-marked March 20, 2006, and was stamped "Filed" on March 28, 2006.

9 Under the prisoner mailbox rule, Harrison's petition will be deemed filed on March 19, 2006.

10  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas

11 petition is deemed filed when prisoner delivers petition to prison authorities for mailing),

12 vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

13   Respondent filed a motion to dismiss the action on the ground that the petition was

14 untimely filed.  Harrison filed several documents but not an actual opposition brief.[1]  The court

15 has considered all the documents, including several scraps of paper bags with writing on them,

16 received from Harrison to determine whether his petition is timely.

17

18                                        **DISCUSSION**

19    Petitions filed by prisoners challenging non-capital state convictions or sentences must

20 be filed within one year of the latest of the date on which:  (1) the judgment became final after

21 the conclusion of direct review or the time passed for seeking direct review; (2) an impediment

22 to filing an application created by unconstitutional state action was removed, if such action

23 prevented petitioner from filing; (3) the constitutional right asserted was recognized by the

24

25       [1]A single-sentence letter from Harrison filed on July 14, 2006, stated: "Concerning (C 06-2220
   SI) opposition motion filed by petitioner to the Court on June 1, 2006."  (Docket # 8.)  The court did not
26 receive any opposition or any other document from Harrison on or about June 1, 2006.  Furthermore,
   the statement does not make much sense in that respondent's motion had been filed and mailed to
27 Harrison on May 30, 2006, which would have allowed only two days for the mailed motion to get to him
   and for him to prepare and send the alleged "opposition motion."
28

                                             2

1 Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive

2 to cases on collateral review; or (4) the factual predicate of the claim could have been discovered

3 through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

4 　　　　The starting date of the limitations period here is the ordinary one:  the date on which the

5 judgment became final after the conclusion of direct review or the time passed for seeking direct

6 review.  See 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a

7 petitioner can file a petition for a writ of certiorari in the United States Supreme Court, whether

8 or not the petitioner actually files such a petition.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.

9 1999).  Harrison's conviction became final, and his one-year limitations period began on April

10 27, 1999, ninety days after the California Supreme Court denied his petition for review.  The

11 presumptive deadline for filing the federal petition was April 27, 2000.  Harrison's federal

12 petition was filed almost six years after that presumptive deadline and, unless he is entitled to

13 enough tolling, was untimely.

14 　　　　The next step is to determine whether the limitations period should be statutorily tolled.

15 The one-year limitations period will be tolled under § 2244(d)(2) for the "time during which a

16 properly filed application for State post-conviction or other collateral review with respect to the

17 pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Harrison's only state habeas

18 petition was filed on December 22, 1999, and denied on June 2, 2000.  When Harrison filed his

19 state habeas petition, 238 days of the one-year limitations period had passed, so he is entitled to

20 statutory tolling for the 163 days the state habeas petition was pending plus 30 days thereafter

21 because that was when the denial became final.[2]

22

23

24 　　　　[2]The Ninth Circuit held in 2002 that the statutory tolling ended thirty days after the
California Supreme Court's denial of the final habeas petition was filed because that was when
25 the denial became "final" under the former California Rule of Court 24.  Allen v. Lewis, 295
F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming Bunney v. Mitchell, 262 F.3d 973, 974
26 (9th Cir. 2001)).  However, the rationale of Allen v. Lewis only applies to denials the California
Supreme Court filed before January 1, 2003. On January 1, 2003, the California Supreme Court
27 made clear that its orders denying a petition for a writ of habeas corpus within its original
jurisdiction are final on filing.  See Cal. Rule of Court 29.4(b)(2)(C).

28

3

1    Harrison alleges in his current federal petition that he has another habeas petition pending

2 in the California Supreme Court, Petition, p. 5, but no evidence supports that contention.

3 Harrison has not disputed respondent's evidence that the California Supreme Court's docket

4 sheets show only a single habeas petition filed by Harrison.  This court finds that Harrison has

5 not filed another petition in the California Supreme Court since the petition filed on December

6 22, 1999 and denied on June 2, 2000.

7    The only state habeas petition for which he receives statutory tolling is the petition filed

8 in 1999 and denied by the California Supreme Court on June 2, 2000.  The denial became final

9 on July 2, 2000 and, at that point, Harrison had 127 days left in the one-year period and the new

10 presumptive deadline to file his federal petition was November 6, 2000.

11    Harrison filed his first habeas petition in this court in January 2000.  However, that

12 petition was dismissed as procedurally defective (i.e., unexhausted) and therefore did not toll the

13 limitations period.  See Duncan v. Walker, 533 U.S. 167 (2001). Even if tolling was permitted

14 for the time during which a defective federal petition was pending, it would not matter here

15 because the limitations period was already being tolled due to the pendency of Harrison's state

16 habeas petition which was filed before and denied after the first federal petition.

17    The final step is to determine whether equitable tolling applies.  Equitable tolling of the

18 limitations period is available upon a showing of extraordinary circumstances beyond a

19 petitioner's control which prevented him from timely filing the petition.  See, e.g., Calderon v.

20 United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will

21 not be available in most cases because extensions of time should only be granted if extraordinary

22 circumstances beyond prisoner's control make it impossible for him to file petition on time), cert.

23 denied, 523 U.S. 1, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds

24 by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert.

25 denied, 526 U.S. 1060 (1999).

26    The court postulates Harrison's tolling arguments because he did not file an opposition.

27 On a scrap of a paper bag that came with his petition in this action, Harrison wrote:

28

4

C 00  0213 SI?  Due to religious persecution and unauthorized transfer 1999 appellant was subsequently separated from all legal work and unable to respond legalistically to Mr. R. W. W.'s correspondence letter April 2000 stating . . . U.S.D Judge Hon. Susan Illston deemed C 00 0213 SI writ of habeas corpus motion for new trial (Miscarriage of Justice) . . . " was nulified due to a different writ of habeas corpus being undecided. Appellant was under the oppression that the lower court writ would catch-up. Prisoner, Prays to the U.S.D. Court to review that C 00 0213 SI writ due to EXTREME HARDSHIP and exhausted remedies. . .?

Docket # 1, at brown paper bag (emphasis and errors in original).

The court understands this passage to suggest one of two things:  First, it may be an argument that Harrison lost his legal materials when he was transferred to Corcoran in 1999. Although an inmate's separation from his legal materials may support equitable tolling, it does not provide enough tolling here.  Cf. Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (equitable tolling warranted for inmate's 11-month stay in ad-seg because he was denied access to legal papers despite his repeated requests for them).  Even if Harrison became separated from his materials when he was transferred to Corcoran in 1999, he was moved to Calipatria in 2000 and had access to materials to file the first federal petition in 2000.  This court's docket for the 2000 case shows that the court used an address of Calipatria to send mail to Harrison, and there is nothing in the docket to show that mail came back to the court undelivered.  If Harrison became separated from his materials in 1999, he had access to them no later than 2000, and therefore would not be entitled to any tolling for any period after 2000 for a condition that may have existed in 1999 but had ceased to exist in 2000.

Second, the passage quoted above may mean that Harrison thought that once his state habeas petition was denied, his federal petition filed in 2000 would be revived.  This would not entitle him to equitable tolling because it was not an extraordinary circumstance beyond his control.  The dismissal of the 2000 petition clearly informed Harrison that the action was premature and that he needed to file a new federal petition after his state court remedies were exhausted.  The court wrote:  "The petition is DISMISSED without prejudice to Harrison filing a new petition after exhausting all of his state remedies and after all of his state court post-conviction proceedings have concluded."  Order of Dismissal, p. 2, filed Apr. 5, 2000 in

1    <u>Harrison v. Prunty</u>, C 00-213 SI.  No reasonable person reading that order would have believed

2    he did not have to do anything further to prosecute a federal habeas action.  A prisoner's failure

3    to follow directions is not an extraordinary circumstance beyond his control.  Harrison is not

4    entitled to equitable tolling based on any mistaken belief that he did not need to file a second

5    habeas petition.

6            Harrison filed another scrap of a brown paper bag on October 1, 2006 on which he wrote:

7    "Deliberately separated from legal material. Concerning Case No. C 06-2220 SI court deadline

8    effective September 1, 2006." (Docket # 9.)  This statement does not aid Harrison because it

9    suggests at most that he was separated from his papers on September 1, 2006, after the current

10   petition was filed.   It is therefore irrelevant to the determination of whether the petition was

11   timely filed.  Similarly, a message on a scrap of a paper bag included with other documents he

12   filed on October 13, 2006 (docket # 10) indicates that he has limited law library access while in

13   the SHU at Corcoran, but that too appears to post-date the filing of the petition in this action.

14   No equitable tolling is warranted for these post-filing events.

15          Harrison has not shown his entitlement to equitable tolling.  The current federal petition

16   was deemed filed on March 19, 2006, about five years after the deadline for filing.  The petition

17   must be dismissed because it was not timely filed under 28 U.S.C. § 2244(d)(1).

18

19                                    **CONCLUSION**

20          For the foregoing reasons, respondent's motion to dismiss is GRANTED. (Docket #6.)

21   The action is dismissed because the petition for writ of habeas corpus was not timely filed.

22   Plaintiff's <u>in forma pauperis</u> application is GRANTED. (Docket # 5.)   The clerk shall close the

23   file.

24          IT IS SO ORDERED.

25   DATED:  November 20, 2006                    _____

26                                                        SUSAN ILLSTON
                                                    United States District Judge

27

28

6